UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
PHILIDELPHIA DIVISION

| | |
|---|---|
| ARTIE CARTER,<br>Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GENESIS HC LLC,<br><br>Defendant. | Case No. _____<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(B) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Artie Carter ("Plaintiff" or "Carter") brings this action individually and on behalf of all current and former hourly employees, who were subject to an automatic meal break pay deduction (collectively "Plaintiff and the Putative Class Members" or "Plaintiff and the FLSA Collective Members"), and who worked for Genesis HC LLC ("Defendant" or "Genesis HC"), anywhere in the United States, at any time during the relevant statutes of limitations through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207, and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. § 216(b).

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

# I.
# OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the FLSA, 29 U.S.C. §§ 201–19, to recover unpaid overtime wages, and other applicable penalties.

2. Plaintiff and the Putative Class Members are those similarly situated persons who worked for Genesis HC, anywhere in the United States, at any time during the relevant statutes of limitations through the final disposition of this matter, and have not been paid for the correct amount of overtime in violation of federal law.

3. Although Plaintiff and the Putative Class Members have routinely worked in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members have not been paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4. During the relevant time period, Genesis HC knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis during the relevant time periods.

5. Specifically, Genesis HC's regular practice—including during weeks when Plaintiff and the Putative Class Members worked in excess of forty (40) hours (not counting hours worked "off-the-clock")—was (and is) to automatically deduct a 30-minute meal-period from Plaintiff and the Putative Class Members' daily time even though they regularly worked (and continue to work) "off-the-clock" through their meal-period breaks.

6. The effect of Genesis HC's practices were (and are) that all time worked by Plaintiff and the Putative Class Members was not (and is not) counted and paid; thus, Genesis HC has failed

to properly compensate Plaintiff and the Putative Class Members for the proper amount of overtime under the FLSA.

7. Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.

8. Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

9. Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

10. Plaintiff Artie Carter was employed by Genesis HC in West Virginia during the relevant time period. Plaintiff Carter did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

11. The FLSA Collective Members are those current and former hourly employees who were employed by Genesis HC, anywhere in the United States, and at any time from August 4, 2019 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Carter worked and was paid.

12. Defendant Genesis HC is a domestic limited liability company, licensed to and doing business in the state of Pennsylvania, and may be served through its registered agent for service of process: **Corporation Service Company, 2595 Interstate Drive, Suite 103, Harrisburg, Pennsylvania 17110**.

---

[1] The written consent of Artie Carter is attached hereto as Exhibit "A."

### III.
### JURISDICTION & VENUE

13.     This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

14.     This Court has general jurisdiction over Genesis HC because Pennsylvania qualifies as its home state.

15.     Venue is proper pursuant to 28 U.S.C. § 1391(b) in the Eastern District of Pennsylvania because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

16.     Specifically, Genesis HC's corporate headquarters are in Kennett Square, Chester County, Pennsylvania, which is located within this District and Division.

### IV.
### ADDITIONAL FACTS

17.     Genesis HC is a post-acute health care provider comprised of 250 locations across twenty-two (22) states.[2]

18.     To provide its services, Genesis HC employed (and continues to employ) numerous workers—including Plaintiff and the individuals that make up the putative or potential class.

19.     Plaintiff and the Putative Class Members were employed by Genesis HC as non-exempt hourly employees who had at least one, and as many as two, 30-minute meal periods automatically deducted from their daily time.

20.     Plaintiff and the Putative Class Members duties included caring for patients, charting patient information, and providing living assistance for patients and long-term residents.

---

[2] https://www.genesishcc.com/.

21. Plaintiff and the Putative Class Members' job titles include (but are not limited to): Certified Medical Assistant, Registered Nurse, Patient Care Tech, Certified Nurse Assistant, Patient Care Assistant, and Licensed Practical Nurse.

22. While exact job titles may differ, these hourly employees were subjected to the same or similar illegal pay practices for similar work throughout Genesis HC's facilities in the United States.

23. Plaintiff Carter was employed by Genesis HC in West Virginia from approximately January of 2019 until June of 2021.

24. Plaintiff and the Putative Class Members are (or were) hourly employees subject to an automatic meal break deduction each day.

25. Importantly, none of the FLSA exemptions relieving a covered employer (such as Genesis HC) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Class Members.

26. Moreover, Plaintiff and the Putative Class Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies (and practices) of Genesis HC resulting in the complained of FLSA.

27. Specifically, Plaintiff and the Putative Class Members are similarly situated with respect to their job duties in that they all perform (or performed) patient-facing healthcare services on behalf of Genesis HC.

28. Additionally, Plaintiff and the Putative Class Members are similarly situated with respect to their pay structure in that they are (or were) all paid on an hourly basis, and all have (or had) a thirty-minute meal break deducted from their hours worked automatically.

29. Plaintiff and the Putative Class Members typically worked over forty (40) hours per week.

30. In addition to their "on-the-clock" hours, Plaintiff and the Putative Class Members worked up to three (3) hours "off-the-clock" per week and have not been compensated for that time.

31. Genesis HC has a policy wherein it automatically deducts at least one, and as many as two, 30-minute meal periods from Plaintiff and the Putative Class Members' daily time.

32. Specifically, non-exempt employees, such as Plaintiff and the Putative Class Members, automatically have thirty (30) minutes per day for a meal period deducted from his or her hours worked if they work eight (8) or fewer hours in a day.

33. Genesis HC will deduct one full hour for a meal period from Plaintiff and the Putative Class Members' hours worked if they work more than eight (8) hours in a day.

34. Moreover, Genesis HC does not completely relieve Plaintiff and the Putative Class Members from duty during their day for the purposes of taking a meal break.

35. Plaintiff and the Putative Class Members are required to perform duties, whether active or inactive, during all hours of their shift and frequently are unable to receive sufficient time to eat a meal due to their constant patient calls and duties.

36. Genesis HC was (and continues to be) aware that Plaintiff and the Putative Class Members regularly worked (and continue to work) through their meal periods without pay in violation of the FLSA.

37. Genesis HC's systematic deduction of 30-minute to one hour meal periods from Plaintiff and the Putative Class Members' "on-the-clock" time resulted (and continues to result) in Plaintiff and the Putative Class Members working overtime hours for which they were (and are) not compensated for at the rates required by the FLSA.

38. As a result of Genesis HC's failure to compensate Plaintiff and the Putative Class Members for performing work "off-the-clock," Plaintiff and the Putative Class Members worked overtime hours for which they were not compensated.

39.     Genesis HC knew or should have known that it was (and is) miscalculating Plaintiff and the Putative Class Members' regular rates of pay and that the proper amount of overtime compensation was not being paid to Plaintiff and the Putative Class Members in violation of the FLSA.

40.     Genesis HC knew or should have known that its failure to pay the correct amount of overtime to Plaintiff and Putative Class Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Class Members.

41.     Because Genesis HC did not pay Plaintiff and the Putative Class Members time and a half for all hours worked in excess of forty (40) in a workweek, Genesis HC's pay policies and practices willfully violated the FLSA.

## V.
## CAUSE OF ACTION

**A.     FLSA COVERAGE**

42.     Paragraphs 1–41 are fully incorporated herein.

43.     The FLSA Collective is defined as:

ALL HOURLY EMPLOYEES WHO WORKED FOR GENESIS HC LLC, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM AUGUST 4, 2019 THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND WERE SUBJECT TO THE AUTOMATIC MEAL BREAK PAY DEDUCTION ("FLSA Collective" or "FLSA Collective Members").

44.     At all material times, Genesis HC has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

45.     At all material times, Genesis HC has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

46.     At all material times, Genesis HC has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in the operation of a hospital and

commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

47. Specifically, Genesis HC operates numerous health care facilities, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

48. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Genesis HC, these individuals provided services for Genesis HC that involved interstate commerce for purposes of the FLSA.

49. In performing the operations described hereinabove, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

50. Specifically, Plaintiff and the FLSA Collective Members are (or were) hourly employees who assisted Genesis HC's customers and employees throughout the United States. 29 U.S.C. § 203(j).

51. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

52. The proposed class of similarly situated employees, i.e. FLSA collective members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 43.

53. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Genesis HC.

B. **FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

54. Genesis HC violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce, the operation of a hospital, or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

55. Moreover, Genesis HC knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

56. Genesis HC knew or should have known its pay practices were in violation of the FLSA.

57. Genesis HC is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

58. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted Genesis HC to pay them according to the law.

59. The decision and practice by Genesis HC to not pay Plaintiff and the FLSA Collective Members overtime for all hours worked over forty (40) each week was willful, and was not reasonable nor in good faith.

60. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA

in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C. COLLECTIVE ACTION ALLEGATIONS

61. All previous paragraphs are incorporated as though fully set forth herein.

62. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of Genesis HC's employees who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

63. Other similarly situated employees of Genesis HC have been victimized by Genesis HC's patterns, practices, and policies, which are in willful violation of the FLSA.

64. The FLSA Collective Members are defined in Paragraph 43.

65. Genesis HC's failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Genesis HC, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

66. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

67. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

68. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated their overtime wages for all hours worked in excess of forty (40) each week.

69. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

70. Absent a collective action, many members of the proposed FLSA collective will not likely obtain redress of their injuries and Genesis HC will retain the proceeds of their violations.

71. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

72. Accordingly, notice of the action should be promptly sent to the FLSA collective of similarly situated plaintiffs as in Paragraph 43.

## VI.
## RELIEF SOUGHT

73. Plaintiff Carter respectfully prays for judgment against Genesis HC as follows:

   a. For an Order certifying the FLSA Collective as defined in Paragraph 43 and requiring Genesis HC to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

   b. For an Order approving the form and content of a notice to be sent to the FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

   c. For an Order pursuant to Section 16(b) of the FLSA finding Genesis HC liable for unpaid wages, including unpaid overtime wages, due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

   d. For an Order awarding the costs of this action;

   e. For an Order awarding attorneys' fees;

   f. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

g.  For an Order awarding Plaintiff Carter a service award as permitted by law;

h.  For an Order compelling the accounting of the books and records of Genesis HC, at Genesis HC's expense; and

i.  For an Order granting such other and further relief as may be necessary and appropriate.

Date: August 4, 2022

Respectfully submitted,

LAW OFFICE OF ADAM S. LEVY, LLC

By: *[signature]*
**Adam S. Levy**
Pennsylvania Attorney I.D. No. 66866
P.O. Box 88
Oreland, Pennsylvania 19075
Telephone: (267) 994-6952
adamslevy@comcast.net

ANDERSON ALEXANDER, PLLC

By: /s/ Clif Alexander
**Clif Alexander** (*Pro Hac Vice Anticipated*)
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson** (*Pro Hac Vice Anticipated*)
Texas Bar No. 24045189
austin@a2xlaw.com
**Carter Hastings** (*Pro Hac Vice Anticipated*)
Texas Bar No. 24101879
carter@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

*Counsel for Plaintiff and the Putative Collective/Class Members*

# Exhibit A

## CONSENT TO JOIN WAGE CLAIM

Print Name: __Artie Carter jr_____

1. I hereby consent to participate in a collective action lawsuit against **Genesis Healthcare** to pursue my claims of unpaid overtime during the time that I worked with the company.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act, and consent to be bound by the Court's decision.

3. I designate the law firm and attorneys at ANDERSON ALEXANDER, PLLC as my attorneys to prosecute my wage claims.

4. I intend to pursue my claim individually, unless and until the Court certifies this case as a collective action. I agree to serve as the Class Representative if the Court so approves. If someone else serves as the Class Representative, then I designate the Class Representative(s) as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with the Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

5. I authorize the law firm and attorneys at ANDERSON ALEXANDER, PLLC to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against the company.

Signature: _Artie Carter jr (Apr 22, 2022 16:47 EDT)_